NEW-YORK.

The People,
vs.
Caleb Mosher
and
Wm. Woods.

---

.The People *vs.* Caleb Mosher and William Woods.
*Conspiracy.*

Where two go to a merchant & falsely represent that one of them is an agent for the Providence packets, and for which he wants supplies, and se-

THE defendants were indicted (with one Pomeroy, who absconded before taken) of a conspiracy to cheat and defraud Jonathan Rathbone and Samuel Sawyer of 10 lbs. of hyson tea, 14 lbs. of coffee, and 2 gallons of brandy, of the value of $16 31, on the fourteenth of December last, by representing to Sawyer that Mosher was agent for the Providence packets, and was a man of wealth, &c.

The material facts which appeared were these : on the

day laid in the indictment, Mosher and Pomeroy came together to the grocery store of Rathbone & Sawyer. (75 South street,) when Mosher represented to Sawyer that he was agent for the Providence packets, and was in the habit of supplying them with stores, and asked for, and selected the articles, which were put up by Sawyer, who expected cash on delivery. Pomeroy, at this time, also made the same representation relative to Mosher as he had made himself, adding that he was worth thousands. They left the store without taking the articles. In about one hour Pomeroy returned with an order from Mosher for the same goods, which order, at the foot, mentioned Mosher's residence to be at No. 6, Franklin square, corner of Cherry-street, and he then reiterated the same representations. Sawyer relying on them, delivered the articles, and soon after called at 6 Franklin square, on Mosher, who boarded there with Smith Place, who kept a public house ; but Sawyer was unable to get his money, and he called on him afterwards, a number of times, with no better success. At length he suspected that he had been defrauded, and he threatened Mosher that if he did not pay him he would publish him as a swindler. Mosher, after various shifts and evasions, offered to endorse to him a promissory note, in his favor, against William Woods, for $42,50, dated the 25th of November preceding, payable at sixty days ; representing to Sawyer that the drawer was a gentleman of fortune ; residing at Harlæm ; that he had lately purchased a seat there of one Bogart, who kept his office in this city with Gerardus Clark, Esq., and offered to go to Clark's office with Sawyer that he might satisfy himself. They accordingly went there ; but on the way, Mosher would not let Sawyer have the note to show Clark, pretending that he was unwilling that Woods should know

NEW-YORK.

The People
vs.
Caleb Mosher
and
Wm. Woods.

lects goods for which cash is to be paid on delivery, and one of them afterwards brings an order for the goods from the other, and obtains them without payment and he who gave the order endorses a forged note to the merchant in payment, it was held that the jury might from the facts and circumstances, infer a conspiracy between the two to cheat the merchant of his goods.

NEW-YORK,

The 'People
      vs.
Caleb Mosher
      and
Wm. Woods.

that he, Mosher, had sold the note. He staid at the door while Sawyer made the inquiry about Woods of Clark, who told Sawyer that he knew Woods to be a gentleman of property, residing at Harlæm. Sawyer thereupon agreed to accept the note as security, and upon its payment return the difference between his bill and the note; and Mosher endorsed it, and Sawyer gave him a receipt pursuant to the agreement. He went shortly afterwards to Clark with the note, who informed him that it was not the signature of the gentleman, Woods, at Harlæm. Sawyer was then satisfied that he had been defrauded, and he soon after ascertained that the drawer of the note was an indigent old man living in Orange street, who acknowledged the signature, and said he thought he should be able to pay the money when due. This appeared to be the only way in which he was implicated; but it further appeared clearly against Mosher and Pomeroy, that before the time of the imposition practised by them on Rathbone and Sawyer, they went together to the store of Thomas Middleton, and made precisely the same representations about the agency of Mosher as had been made to Sawyer, and selected a quantity of goods; and though Middleton told them he dealt for cash only. In a short time after they had left the store, Pomeroy came with an order from Mosher for the goods, which Middleton had prudence enough not to deliver. It was also proved by George B. Storm, that on a treaty for the purchase of goods by Mosher of him, he made the same representation as had been made by Mosher and Pomeroy to Sawyer and Middleton.

In the course of Sawyer's testimony, in answer to an inquiry by one of the counsel for the prisoner, whether he did not know that Pomeroy lived in Brooklyn, the witness said that he had heard, since he lost the goods, that

Pomeroy was the greatest rascal in community; that he formerly lived in Albany, and had been put into the State's Prison; and Maxwell offered to prove, by Hays, that the Pomeroy, in this prosecution named, was the same person; but the evidence was overruled; but Hays stated that Pomeroy did not live Brooklyn, but in this city, in Fulton street; and was not to be found there on the commencement of the prosecution.

NEW-YORK,

The People
*vs.*
Caleb Mosher
and
Wm. Woods.

Mosher admitted to Sawyer that he was not agent for the Providence packets; and Ruben Clark, Captain of the city watch, testified that he was well acquainted with all the captains of those packets, and they had no agent but did their own business.

It also appeared, that previous to obtaining the goods, Mosher and Pomeroy were often in secret conference together, especially at the house of Place.

The case was summed up by *Price*, who with *N. B. Graham*, appeared as counsel for Mosher, and by *Maxwell* for the prosecution, who admitted that Woods ought not to be convicted.

The *Recorder* instructed the jury to acquit Woods; but as to the two others, the circumstances against them were very strong. There was only two in favor of Mosher; he told his name and place of residence. If, from the facts, the jury believed these two conspired together to defraud Rathbone and Sawyer, as stated in the indictment, it would be their duty to convict Mosher; otherwise, or if they should doubt, acquit him.

The jury acquitted Woods, and convicted Mosher. Sentenced $500.